# Jutte's Estate.

*Husband and wife—Promissory notes—Collateral security—Separate estate of wife—Decedent's estate.*

Where it appears as a fact that a woman was a bona fide creditor of her husband who became indebted to her for moneys or securities which she gave to him out of her separate estate, and in acknowledgment of the indebtedness received from him his promissory note secured by other promissory notes which belonged to him, no question can arise as to the woman's right, as against creditors of her deceased husband's estate, to receive dividends payable on these notes by the receiver of the corporation which made them.

Argued Nov. 1, 1910. Appeal, No. 207, Oct. T., 1910, by F. N. Hoffstot and Martha A. Friend et al., executors of James W. Friend, deceased, from decree of O. C. Allegheny Co., Dec. T., 1909, No. 126, awarding distribution in estate of William C. Jutte, deceased. Before BROWN, MESTREZAT, POTTER, ELKIN, STEWART and MOSCHZISKER, JJ. Affirmed.

Exceptions to adjudication. Before MILLER, J.
The opinion of the Supreme Court states the case.

*Errors assigned* were in dismissing exceptions to adjudication.

*Wm. M. Robinson*, with him *J. H. Beal*, of *Reed, Smith, Shaw & Beal*, for appellants.

*A. Leo Weil*, with him *Wm. M. Galbraith, Charles M. Thorp* and *H. D. Montgomery*, for Jane C. Jutte, appellee.

PER CURIAM, January 3, 1911:

W. C. Jutte paid the balances due on ten promissory notes on which he was accommodation maker or indorser for the McKeesport Saw Mill Company, and they were assigned to him by the respective holders. On June 14,

1904, he executed and delivered to his wife, Jane C. Jutte, the appellee, his promissory note for $100,000, and deposited said notes of the sawmill company with her as collateral security for the payment of his obligation. Three claimants for the dividends to be awarded on these notes appeared before the auditor appointed to make distribution of the fund in the hands of the receiver of the sawmill company. They were Jane C. Jutte, the appellee, the Colonial Trust Company, administrator of her deceased husband's estate, and F. N. Hoffstot and James W. Friend, the latter now deceased. Mrs. Jutte claimed the dividends as the holder of the notes upon which they were to be declared; the administrator asked that they be paid to it for distribution among the creditors of the deceased, and Hoffstot and Friend asked that they be awarded to them as pledgees and assignees under an agreement with Jutte dated May 12, 1903. Under a stipulation entered into by these three claimants the dividends were paid to the Colonial Trust Company, Jutte's administrator, the stipulation providing that it should hold the same separate and apart from the general funds of the estate and account for them as a separate fund, to be awarded to such claimant or claimants as the orphans' court of Allegheny county might determine were entitled to receive it. On this appeal Hoffstot and the executors of James W. Friend, deceased, have abandoned their claim that the fund should be awarded to them under the agreement of May 12, 1903, and ask that it be distributed to the general creditors of the estate. The single narrow question, then, is whether the court below erred in directing that it be paid the appellee. If she was a bona fide creditor of her husband, who became indebted to her for moneys or securities which she gave to him out of her separate estate, and in acknowledgment of his indebtedness to her he gave her his promissory note for $100,000, secured by his pledging to her the notes of the McKeesport Saw Mill Company which belonged to him, no question can arise as to her right to receive the dividends on

these notes. This involved simply a question of fact for the determination of the court below, and the learned auditing judge has found that, at the time her husband pledged the notes of the sawmill company to her, he did so to secure to her payment of valid indebtedness which she held against him. In the discharge of our duty on this appeal we have reviewed the evidence upon which this finding rests, and have not been persuaded that any error was committed in the conclusion reached by the court below. There was sufficient evidence upon which to base it, and nothing more need be said in refusing to disturb it.

Appeal dismissed and decree affirmed at the costs of the appellants.